**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL DEAN VAUGHAN, | Case No. 1:26-cv-589 |
| Plaintiff, | District Judge Jeffery P. Hopkins |
| v. | Magistrate Judge Stephanie K. Bowman |
| DEPARTMENT OF DEFENSE, et al., | |
| Defendants. | |

_____

**PLAINTIFF'S LIMITED OBJECTION UNDER FED. R. CIV. P. 72(a)**
**TO THE JULY 27, 2026, NOTATION ORDER GRANTING A STAY**
_____

## I.  INTRODUCTION AND SCOPE OF THE OBJECTION

Plaintiff Michael Dean Vaughan respectfully submits this limited objection under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to the Notation Order entered July 27, 2026, staying this action for sixty days.

Plaintiff wishes to be precise about what he does and does not object to. He does not object to the entry of a stay. He does not object to its sixty-day length, which is shorter than the ninety days Defendants requested and which Plaintiff would himself have proposed. He does not object to the Magistrate Judge's authority to decide the motion, and he does not suggest that the Order reflects any lack of care.

Plaintiff objects on one ground only: the Order issued before the time for his memorandum in opposition had expired, so the conditions he intended to propose, and the authorities supporting them, were never before the Court. Defendants served their

1

Motion on July 24, 2026. Under S.D. Ohio Civ. R. 7.2(a)(2), Plaintiff's memorandum in opposition was due twenty-one days later, on or about August 14, 2026. The Order was issued on July 27, 2026, three days after service and eleven days before Plaintiff's response was due. Plaintiff had prepared a memorandum in opposition and a proposed order and was completing citation verification when the Order issued. Declaration of Michael Dean Vaughan ¶¶ 10–12 (Exhibit 3). That memorandum, in the form in which Plaintiff was preparing to file it, is attached as Exhibit 1, together with the proposed order attached as Exhibit 2 and the supporting materials described at Exhibit 3. Plaintiff submits them not to reargue the stay, but so that the Court may see what the record would have contained had the response period run its course.

The relief Plaintiff seeks is correspondingly narrow. He does not ask the Court to vacate the stay or to shorten it. He asks only that the stay be supplemented with the modest conditions set out in Part IV, which would allow the Court and the parties to see whether the stay is accomplishing its stated purpose.

## II.  STANDARD OF REVIEW

A district judge must modify or set aside any part of a magistrate judge's order on a non-dispositive matter that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order entered before the responding party's time to be heard has expired presents a question of law under that standard, because the local rule fixing the response period is a rule of the Court. S.D. Ohio Civ. R. 7.2(a)(2). Plaintiff notes that under S.D. Ohio Civ. R. 72.3 the Order remains in full force and effect during the pendency of this objection, and Plaintiff does not seek a stay of it.

**III.  THE ORDER ISSUED BEFORE PLAINTIFF'S RESPONSE WAS DUE, AND THE MATERIAL HE WOULD HAVE SUBMITTED BEARS DIRECTLY ON THE TERMS OF THE STAY**

The Order reflects Plaintiff's position as was reported secondhand in Defendants' Motion: that Plaintiff consented to a forty-five-day extension and did not consent to an unconditioned ninety-day stay. That report was accurate as far as it went, and Plaintiff is grateful that Defendants' counsel conveyed it fairly. But it conveyed only Plaintiff's bottom line. It did not convey the conditions on which Plaintiff had offered to support a stay, the authorities supporting those conditions, or the evidentiary gap in the Motion itself. Those matters were the substance of the memorandum Plaintiff was preparing, and they were never presented to the Court. That memorandum is attached as Exhibit 1 and is summarized below.

In summary, Plaintiff's memorandum would have made the following points.

**First,** the Motion does not invoke or attempt to satisfy 5 U.S.C. § 552(a)(6)(C)(i), the provision by which Congress specifically authorized courts to allow an agency additional time in a FOIA case upon a showing of exceptional circumstances and due diligence. The Department of Justice's own published guidance identifies that provision as the vehicle for precisely this relief in precisely this posture, that is, where a requester has constructively exhausted because the agency missed the statutory deadlines and has then filed suit. U.S. Dep't of Justice, Guide to the Freedom of Information Act, Litigation Considerations, "Open America" Stays of Proceedings 749.

3

**Second,** the Motion is unsupported by any declaration from any of the five components. The Court was given no information about whether a search has begun at any component, who is assigned, what remains to be done, or when any of it will be finished. In the directly on-point decision from this District, the agency supported its request with the detailed declarations of two senior Freedom of Information Act officials, and the court nonetheless granted the stay only conditionally, reducing the requested twenty-month period to ten months, requiring a sworn and accurate estimate of the time still required at the close of that period, and fixing an outer limit in advance. CareToLive v. Food & Drug Administration, No. 2:08-cv-005, 2008 WL 2201973 (S.D. Ohio May 22, 2008) (Doc. 23, PAGEID 169). The Department of Justice's own guidance likewise observes that such motions "have proven unsuccessful when agencies have failed to set forth sufficient facts to demonstrate the propriety of such a stay." Guide to the FOIA, supra, at 751–52 & n.150.

**Third,** binding Sixth Circuit authority places the burden on the party seeking a stay to show a pressing need for delay and that no harm will result to the opposing party or the public, counsels particular hesitation where a stay would disrupt a statutory timetable, and holds that a stay is "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Ohio Environmental Council v. United States District Court, 565 F.2d 393, 396 (6th Cir. 1977). The sixty-day period the Court set satisfies the durational aspect of that principle. What the Order does not contain is any mechanism by which the Court could learn, before the period expires, whether the stay is producing the responses it was granted to produce.

4

**Fourth,** a court in a comparable posture denied an agency's stay motion outright and instead directed the agency to begin processing immediately, produce responsive documents on a rolling basis, and complete production on or before a date certain. Buc v. Food & Drug Administration, 762 F. Supp. 2d 62, 73 (D.D.C. 2011). Plaintiff does not ask for that relief. He asks only for the rolling-production component of it, which does not enlarge the scope of the agencies' review.

## IV.  ONE CLARIFICATION OF THE RECORD

Plaintiff respectfully offers one factual clarification, not as a ground for objection but so that the record is accurate going forward. The Order states that three of the five categories of requests "have not yet been responded to, and the other two are on appeal." The first half is correct. As to the second, Plaintiff's administrative appeals are not merely pending; the statutory periods for deciding them have expired. An agency must decide a FOIA appeal within twenty business days. 5 U.S.C. § 552(a)(6)(A)(ii). Plaintiff's appeal to the Army Review Boards Agency was delivered on March 9, 2026, and the deadline for deciding it expired on or about April 6, 2026. Plaintiff's appeal of the Army Legal Services Agency's June 8, 2026 determination was submitted on June 12, 2026, and its deadline has likewise expired. That those appeals remain undecided is among the violations Plaintiff has pleaded, and Plaintiff wishes to avoid any later suggestion that he treated the appeals as an ongoing process he was content to await.

## V.  MATERIALS SUBMITTED WITH THIS OBJECTION

Plaintiff submits the following, each of which was prepared before the Order issued and none of which has previously been placed before the Court:

5

Exhibit 1: Plaintiff's Memorandum in Response to Defendants' Motion to Stay, in the form prepared for filing.

Exhibit 2: Proposed Order Granting Stay on Conditions, in the form prepared for filing.

Exhibit 3: Index of exhibits to that memorandum, together with the Declaration of Michael Dean Vaughan and the documentary correspondence supporting the factual assertions in it. The decision from this District discussed above, CareToLive v. Food & Drug Administration, was to have been attached to that memorandum as its Exhibit A and is not reattached here.

The attached memorandum was drafted for filing before the Order issued and is submitted as prepared, without revision to account for the Order. Its arguments are directed to the terms of a stay, not to the Order itself, and Plaintiff does not by its submission ask the Court to revisit the decision to grant a stay or its sixty-day length.

## VI.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court modify the July 27, 2026, Order to add the following conditions, leaving the sixty-day period and the expiration date of September 25, 2026, undisturbed:

1.  Status reports. Defendants shall file a status report on or before the thirtieth day of the stay, and again on or before its final day, stating for each request at issue: the component processing it, the tracking or case number assigned, whether a search has been initiated and its status, and an estimated completion date.

2.  Rolling production. Defendants shall produce responsive, non-exempt records as they clear review, rather than withholding production until the stay expires.

3.  Sworn estimate at the close of the stay. On or before the final day of the stay, Defendants shall file, by declaration from each component for which additional time is sought, an accurate estimate of the time still required to complete processing.

4.  Preservation. During the stay, Defendants shall take reasonable steps to preserve potentially responsive records within the possession, custody, or control of each component, and shall so confirm in the first status report.

5.  Preservation of Plaintiff's statutory position. The stay shall be without prejudice to Plaintiff's constructive exhaustion under 5 U.S.C. § 552(a)(6)(C)(i), and shall not be treated as a showing of, or as evidence bearing upon, exceptional circumstances or the exercise of due diligence in connection with any subsequent request for additional time.

In the alternative, Plaintiff requests that the Court permit him to file the memorandum in opposition he had prepared and refer the question of conditions back to the Magistrate Judge for consideration on a complete record.

Plaintiff reiterates that he supports a stay and has cooperated with Defendants' counsel throughout. He asks only that the Court have the benefit of the submission the local rules entitled him to make.

Respectfully submitted,

s/ Michael Dean Vaughan
Michael Dean Vaughan
Plaintiff, pro se
500 Leo Drive
Hamilton, Ohio 45013
(859) 743-1355
warhacker6@gmail.com
Dated: July 28, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic

Filing to all counsel of record, including Linda Mindrutiu, Assistant United States

Attorney, counsel for Defendants, at linda.mindrutiu@usdoj.gov.

Dated: July 28, 2026

s/ Michael Dean Vaughan
Michael Dean Vaughan
Plaintiff, pro se