**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL DEAN VAUGHAN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>Defendants. | Case No. 1:26-cv-589<br><br>District Judge Jeffery P. Hopkins<br><br>Magistrate Judge Stephanie K. Bowman |

# PLAINTIFF'S MOTION TO PARTIALLY LIFT THE STAY AS TO COUNTS I AND II, TO ENTER A PRODUCTION AND VAUGHN INDEX SCHEDULE DIRECTED TO THE ARMY REVIEW BOARDS AGENCY, AND FOR EXPEDITED CONSIDERATION

Plaintiff Michael Dean Vaughan moves under Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to manage its docket for an order (1) partially lifting the stay entered July 27, 2026, as to Counts I and II only; (2) directing Defendant Department of the Army, acting through the Army Review Boards Agency, to produce all responsive non-exempt records and to serve a document-by-document index of any record withheld in whole or in part, on a date certain; and (3) setting an expedited briefing schedule for good cause under S.D. Ohio Civ. R. 7.1(b)(3). The grounds are stated in the memorandum below. A declaration and a proposed order accompany this motion.

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

On September 14, 2026, while this case was stayed, the Army Review Boards Agency issued a new determination on the July 5, 2025, request that underlies Counts I and II. The determination produced seventeen pages. Fifteen of those pages are the same two documents the agency produced in 2025: the Board's May 13, 2013, decision letter and the fourteen-page

Record of Proceedings in Docket No. AR20120006999. The sixteenth page is a one-page 2013 transmittal memorandum. The seventeenth is a second copy of the decision letter already produced. After four hundred thirty-six days, one administrative appeal, and this lawsuit, the agency's net new disclosure is a single 2013 transmittal memorandum.

The determination produced no part of the case file itself. It produced none of the application, none of the four supplemental memoranda with exhibits that the Record of Proceedings expressly recites the Board received and considered, none of the military personnel records or advisory opinions the Record of Proceedings expressly recites the Board considered, and none of the ARBA correspondence with other Army components. It served no index. It identified no document withheld. It made no finding that disclosure of any particular record would cause any particular harm. It made no segregability determination as to any document. It asserted FOIA Exemption 5 without addressing Plaintiff's separate Privacy Act right of access as the named applicant, a right that Exemption 5 does not limit.

Defendants asked for the stay as to Counts I and II on one ground: that Plaintiff's administrative appeal was pending and its resolution might narrow the issues. (Motion to Stay, ECF No. 7 at PageID 122, 125.) That ground is exhausted. The appeal was submitted on February 25, 2026. As of the date of this motion, 211 days later, the agency has issued no appellate determination. The September 14 letter is not one. It re-adjudicates the initial request and invites a fresh appeal to the same official who issued it. Whether the letter is characterized as an initial determination or as an appellate one, Plaintiff has exhausted; the record for review is complete, and Counts I and II are ripe for the de novo review Congress assigned to this Court under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1)(B).

Plaintiff does not ask the Court to lift the stay as to Counts III through X. He does not ask the Court to adjudicate any exemption on this motion. He asks for the ordinary first step of a FOIA case: production of what is not exempt, and an index of what the agency contends is.

**II. BACKGROUND**

**A. Counts I and II and the July 5, 2025, request.**

On July 5, 2025, Plaintiff submitted a combined FOIA and Privacy Act request to ARBA for the complete case file in ABCMR Docket No. AR20120006999. The request identified five categories: (1) all documents Plaintiff submitted to the Board, unredacted and in original form; (2) all records, exhibits, and materials the Board received from any other agency, command, or office; (3) all internal memoranda, staff summaries, recommendations, legal reviews, and notes used by staff or Board members; (4) the complete final decision memorandum; and (5) all correspondence between ARBA and any other Army or Department of Defense entity concerning the case. The request invoked 5 U.S.C. § 552a(d) and demanded a Vaughn index for anything withheld. Vaughan Decl. ¶ 3, Ex. A.

ARBA responded with fifteen pages: the May 13, 2013, decision letter and the fourteen-page Record of Proceedings. Vaughan Decl. ¶ 4, Ex. B. Plaintiff submitted an administrative appeal dated February 24, 2026, and transmitted on February 25, 2026, identifying each unproduced category and the absence of any index. Vaughan Decl. ¶ 5, Ex. C. No appellate determination has issued.

Counts I and II plead those failures. Count I alleges failure to conduct an adequate search, unlawful withholding, and failure to provide a Vaughn index. (Complaint, ECF No. 1 at PageID 63-64, ¶¶ 73-76.) Count II alleges denial of the named applicant's Privacy Act right of access

under 5 U.S.C. § 552a(d)(1) and pleads that the deliberative process privilege is unavailable as a withholding ground under the Privacy Act. (Id. at PageID 64-65, ¶¶ 77-80.)

**B. The stay and its stated premise.**

Defendants moved to stay on July 24, 2026. As to Counts I and II, the motion stated that ARBA had produced documents, that Plaintiff had appealed on February 25, 2026, and that the appeal remained pending. (ECF No. 7 at PageID 122.) The motion argued that allowing the agencies to rule on the appeals would give the Court the benefit of agency expertise and a record adequate for review, citing Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003). (Id. at PageID 125.) The Court entered a sixty-day stay by notation order on July 27, 2026. It expires September 25, 2026.

**C. The September 14, 2026, determination.**

On September 14, 2026, ARBA issued a two-page letter under control number FP-26-033646. Vaughan Decl. ¶ 7, Ex. D. The letter states that it responds to the July 5, 2025, request, that a search of internal systems yielded seventeen pages, and that the request is granted in part. It states that the Army Human Resources Command referred sixteen pages to ARBA on July 24, 2026, and that ARBA found those pages to be duplicates of its own. It withholds board member and employee names under Exemption 6 and withholds board member comments and recommendations under Exemption 5 as predecisional and deliberative. It adds a general sentence that an entire document may be withheld when non-exempt portions are inextricably intertwined with exempt ones. It advises Plaintiff of a right to appeal to the Army Office of General Counsel by submitting the appeal to the signing official.

The two enclosures are the May 13, 2013, decision letter and a sixteen-page attachment. Vaughan Decl. ¶¶ 8-10, Exs. E, F. The sixteen-page attachment is the fourteen-page Record of

Proceedings, a one-page May 13, 2013, memorandum from the Board to the Army National Guard Readiness Center transmitting the denial, and a second copy of the decision letter. Vaughan Decl. ¶ 10.

**III. THE STATED PREMISE FOR STAYING COUNTS I AND II NO LONGER EXISTS**

A stay order that does not adjudicate all claims may be revised at any time before final judgment. Fed. R. Civ. P. 54(b). The Supreme Court has instructed that a stay entered on an earlier record must be reappraised when circumstances change, so that there is a fitting correspondence between rulings and realities. Landis v. North American Co., 299 U.S. 248, 258 (1936). In this Circuit, the party seeking a stay bears the burden of showing a pressing need for delay and that the opposing party will not be harmed, and a stay must be framed so that its force is spent within reasonable limits. Ohio Environmental Council v. U.S. District Court, 565 F.2d 393, 396 (6th Cir. 1977).

Defendants' showing as to Counts I and II rested entirely on the pendency of the February 2026 appeal. An agency has twenty working days after receipt to decide on a FOIA appeal. 5 U.S.C. § 552(a)(6)(A)(ii). ARBA received the appeal on March 9, 2026, and that period expired on April 6, 2026. (Complaint, ECF No. 1, ¶ 35.) Two hundred eleven days after the appeal was sent, no appellate determination has issued. Where an agency fails to comply with the statutory time limits, the requester is deemed to have exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

The September 14 letter does not decide the appeal. It responds to the initial request by its own terms, it is signed by the agency's FOIA officer rather than an appellate authority, and it purports to start a new ninety-day appeal clock running to the same office. If the letter is a new initial determination, the February 2026 appeal remains undecided, and Plaintiff has

constructively exhausted. If it is an appellate determination, Plaintiff has actually exhausted. Either way, the administrative process on which the stay rested has produced its final product, and the Hidalgo rationale of an adequate record built by agency expertise is spent. The agency has now answered the same request twice, in materially identical terms, fourteen months apart. Nor does the letter's invitation to file a new appeal reopen exhaustion. Once a requester has constructively exhausted and filed suit, an agency's post-suit determination does not require the requester to exhaust again, and an agency may not use a belated partial response to send the requester back into the administrative process. Louise Trauma Center LLC v. USCIS, 147 F.4th 495 (4th Cir. 2025). Plaintiff also differs from the requester in Hidalgo in the respect that mattered there: he did pursue the administrative appeal, and he identified in it, category by category, what the agency had failed to produce. Vaughan Decl. ¶ 5, Ex. C.

Continuing the stay as to Counts I and II would delay the case without any corresponding benefit to the Court. That is the situation Ohio Environmental Council forbids.

## IV. THE NEW DETERMINATION CONFIRMS, RATHER THAN CURES, THE PLEADED SEARCH FAILURE

An agency must show that it conducted a search reasonably calculated to uncover all relevant documents. Oglesby v. U.S. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In this Circuit, the burden of establishing the adequacy of the search rests at all times on the agency, and a response that recites only that indices were checked, without describing the methods used, verges on the impermissibly conclusory. Rugiero v. U.S. Department of Justice, 257 F.3d 534, 547-48 (6th Cir. 2001). A search is inadequate where the agency's own materials give positive indications of overlooked records. Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326-27 (D.C. Cir. 1999).

Here the positive indications come from the produced document itself. The Record of Proceedings states on its first page that the Board considered the application for correction of military records with supporting documents, and military personnel records and advisory opinions. It then recites that the applicant provided a summary of the case and four supplemental memoranda with exhibits, and it lists categories of those exhibits by name, including email correspondence, a DA Form 1574 with allied documents, medical records from King's Daughters Medical Center, prior FOIA requests and responses, military orders, an officer evaluation report with allied documents, a memorandum of reprimand, photographs, and an audio file with a transcript of opening statements. Vaughan Decl. ¶ 11, Ex. F at 1-2.

The agency produced none of those materials. It produced no advisory opinion. It produced no military personnel record. It produced no correspondence with the Army National Guard Readiness Center other than the single 2013 transmittal memorandum, which itself demonstrates that such correspondence exists. The Board's own recital of what it received and considered cannot be reconciled with a search that yielded seventeen pages, fifteen of which the agency had already produced.

The Army's own published system notice identifies where the rest of the file should be. The notice for the ABCMR case file system, A0015-185 SFMR, Correction of Military Records Cases, lists among the records in the system documentary evidence, affidavits, information from the applicant's military record, testimony, briefs and arguments, advisory opinions, and the findings, conclusions, and decisional documents of the Board. It states that ARBA keeps records for at least six months after a case closes and then retires them to the National Personnel Records Center, where they are retained for twenty years. 76 Fed. Reg. 39392, 39392-93 (July 6, 2011). The contents of the Federal Register are judicially noticed. 44 U.S.C. § 1507. Docket No.

AR20120006999 closed in May 2013. On the notice's own terms, the file remains in federal custody. The September 14 letter reports only a search of ARBA's internal systems. It does not say whether ARBA searched for, requested, or retrieved the retired case file. An agency may not ignore a location that its own records identify as a likely repository of responsive material. Valencia-Lucena, 180 F.3d at 327.

The referral history compounds the problem. The letter states that the Human Resources Command referred sixteen pages to ARBA on July 24, 2026, and that ARBA determined those pages were duplicates. The referral occurred during the stay. The letter does not identify which records were referred or which of the enclosed pages they duplicate, and neither component has produced the referral transmittal. A referral procedure amounts to withholding when its net effect is to significantly impair the requester's ability to obtain the records or significantly increase the time required to obtain them. McGehee v. CIA, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

The letter supplies no declaration, no identification of the record systems searched, no search terms, no date ranges, and no custodians. Plaintiff does not ask the Court to resolve search adequacy now. He asks that the agency be required to state, under 28 U.S.C. § 1746, what it searched and what it found, so that the question can be resolved on a record rather than on a two-page letter.

## V. THE WITHHOLDINGS CANNOT BE REVIEWED AS PRESENTED

### A. No index and no identification of any withheld record.

ARBA's responses, in 2025 and again in 2026, did not identify the records located, which of them were withheld in whole or in part, or which exemption applies to which record. It has never identified a single withheld document by date, author, recipient, or description. Plaintiff does not contend that FOIA required a formal index at the administrative stage. The dispute is now in

litigation, however, and here the agency bears the burden of justifying its withholdings. It may carry that burden by submitting a Vaughn index or affidavits attesting to the content of the withheld documents and the basis on which they are withheld. Energy & Policy Institute v. Tennessee Valley Authority, No. 24-6134 (6th Cir. May 8, 2026) (citing Rimmer v. Holder, 700 F.3d 246, 255 (6th Cir. 2012)). The description must be sufficient to permit the requester to contest the withholding and the court to test it. Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973); King v. U.S. Department of Justice, 830 F.2d 210, 218-24 (D.C. Cir. 1987). The Sixth Circuit places the burden on the agency to justify each withholding, and has held that the presumption of good faith ordinarily given to agency affidavits may be overcome, so that summary judgment on the affidavits alone is inappropriate where the record gives reason to doubt them. Jones v. FBI, 41 F.3d 238, 242-44 (6th Cir. 1994). Without an index, neither Plaintiff nor the Court can tell whether the withheld material is one paragraph or one thousand pages.

**B. No foreseeable harm finding.**

Even where information falls within an exemption, the agency may withhold it only if it reasonably foresees that disclosure would harm an interest protected by that exemption, or disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A)(i); Energy & Policy Institute v. Tennessee Valley Authority, No. 24-6134 (6th Cir. May 8, 2026). The showing must be particularized to the record at issue; generalized or boilerplate assertions do not satisfy it. Reporters Committee for Freedom of the Press v. FBI, 3 F.4th 350, 369-72 (D.C. Cir. 2021); Machado Amadis v. U.S. Department of State, 971 F.3d 364, 370-71 (D.C. Cir. 2020). The September 14 letter contains no harm statement of any kind, particularized or otherwise. It recites the elements of the deliberative process privilege and stops.

**C. No segregability determination.**

FOIA requires the agency to disclose any reasonably segregable portion of a record after deleting exempt portions. 5 U.S.C. § 552(b); Energy & Policy Institute v. Tennessee Valley Authority, No. 24-6134 (6th Cir. May 8, 2026). The agency must make a segregability finding as to each withheld document, and an abstract statement that exempt and non-exempt material are intertwined does not discharge that duty. Mead Data Central, Inc. v. U.S. Department of the Air Force, 566 F.2d 242, 260-61 (D.C. Cir. 1977). The letter states in the abstract that an entire document may be withheld when its parts are inextricably intertwined. It does not say that any document in this case was withheld on that basis, or which one, or why.

**D. Exemption 5 does not answer Count II.**

Count II is a Privacy Act access claim. As the named applicant in Docket No. AR20120006999, Plaintiff is entitled to access records about himself in the agency's system of records. 5 U.S.C. § 552a(d)(1). The Privacy Act forbids an agency to rely on any FOIA exemption to withhold from an individual a record otherwise accessible to him under the Privacy Act. 5 U.S.C. § 552a(t)(1). A requester who is the subject of the records may therefore obtain whatever access either statute allows. Martin v. Office of Special Counsel, 819 F.2d 1181, 1184 (D.C. Cir. 1987); see Greentree v. U.S. Customs Service, 674 F.2d 74, 76-79 (D.C. Cir. 1982). The Privacy Act's own limits on access are narrow. Subsection (d)(5) removes from the access right only information compiled in reasonable anticipation of a civil action or proceeding. Beyond that, an agency may withhold only if the Secretary has promulgated a rule exempting the system of records under subsection (j) or (k), and only to the extent of that rule. Board member comments and staff recommendations prepared to adjudicate an application for correction of military records are not litigation materials. And the Army has claimed no exemption for this

system at all: the published notice for A0015-185 SFMR states, under exemptions claimed for the system, "None." 76 Fed. Reg. at 39392-93. The September 14 letter likewise cites no exemption rule for the ABCMR system of records. It cites FOIA exemptions alone. On the face of the determination, the agency has not addressed the statute under which Count II arises.

**E. Exemption 6 is asserted without any balancing.**

Exemption 6 protects personnel and similar files only where disclosure would constitute a clearly unwarranted invasion of personal privacy, a standard that requires identifying a cognizable privacy interest and weighing it against the public interest in disclosure. U.S. Department of State v. Ray, 502 U.S. 164, 175-77 (1991). The letter identifies no privacy interest beyond the fact of employment and performs no balancing. Plaintiff does not contend on this motion that every name must be released. He contends that a bare citation to the exemption, with no analysis and no index entry, gives the Court nothing to review.

**VI. CONTINUED DELAY NOW CAUSES CONCRETE, DATE-CERTAIN PREJUDICE**

Harm to the opposing party bears on whether a stay should continue. The party seeking a stay must show that the other party will not suffer harm from it. Ohio Environmental Council, 565 F.2d at 396. Landis requires the Court to reappraise a stay against the situation existing at the time of the reappraisal rather than the record on which the stay was entered. 299 U.S. at 258. Plaintiff will file a motion under Federal Rule of Civil Procedure 60(d)(3) in Vaughan v. Brigham, No. 3:10-CV-5-DCR (E.D. Ky.), on or about October 1, 2026. Vaughan Decl. ¶ 15. The withheld ABCMR case file bears directly on that filing. The Record of Proceedings that ARBA produced on September 14, 2026, records at paragraph 13 that two versions of page 4 of a DA Form 1574 exist, one in Plaintiff's official file bearing the investigating officer's signature without comments, and one bearing the same signature together with the appointing authority's

handwritten refusal to approve the finding of guilt. The same Record of Proceedings records at paragraph 22.a and in its discussion that Plaintiff received morphine and Percocet on August 15, 2009, before giving the sworn statement at 1615 hours. Vaughan Decl. ¶ 16, Ex. F at 3, 5, 7, 12. The underlying documents behind those findings are among the records ARBA has withheld without an index.

Plaintiff does not ask this Court to evaluate the Rule 60(d)(3) motion, to decide any question arising in the Eastern District of Kentucky, or to weigh the merits of the underlying dispute. He identifies the deadline because it fixes the point at which continued delay costs him something specific and unrecoverable, and because Defendants carry the burden of showing that it does not. The prejudice is date certain, it falls within days of the stay's expiration, and it did not exist when the stay was entered.

## VII. THE RELIEF REQUESTED IS ORDINARY, NOT EXTRAORDINARY

Plaintiff does not seek a writ of mandamus under 28 U.S.C. § 1361. Mandamus is unavailable where an adequate alternative remedy exists. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984). FOIA and the Privacy Act supply that remedy directly: this Court has jurisdiction to enjoin the agency from withholding records and to order production of any records improperly withheld, 5 U.S.C. § 552(a)(4)(B), and to enjoin withholding, order production, and assess costs under 5 U.S.C. § 552a(g)(1)(B) and (g)(3)(A)-(B). Because Counts I and II already invoke that jurisdiction, no extraordinary writ is required. The Court need only allow those counts to proceed and set a schedule.

Courts confronting agency requests for delay in FOIA cases either deny the delay or pair it with concrete processing obligations. In Buc v. Food & Drug Administration, 762 F. Supp. 2d 62, 73 (D.D.C. 2011), the court denied the agency's motion to stay and ordered it to begin

processing immediately, to produce on a rolling basis, and to complete production by a fixed date. In CareToLive v. U.S. Food & Drug Administration, No. 2:08-cv-005, Doc. 23, PageID 168-69 (S.D. Ohio May 22, 2008), this Court conditionally granted a stay, shortened the period the agency sought, required an affidavit stating an accurate processing estimate, and set an outer limit in advance. The schedule requested here is narrower. It reaches one component, one request, and two counts.

## VIII. EXPEDITED CONSIDERATION

Under S.D. Ohio Civ. R. 7.2(a)(2), an opposition would be due twenty-one days after service and a reply fourteen days after that. That schedule would run to late October 2026, well past the September 25, 2026, expiration of the stay and past the point at which the requested relief is useful. For good cause under S.D. Ohio Civ. R. 7.1(b)(3) and the Court's authority to manage its docket, Plaintiff asks the Court to order that any opposition be filed on or before October 1, 2026, and any reply on or before October 6, 2026, or to set such other abbreviated schedule as the Court determines appropriate.

Plaintiff notes that the relief he seeks does not depend on the stay remaining in force. If the stay expires by its own terms on September 25, 2026, the production and index schedule requested in this motion remains necessary and the motion is not moot. If Defendants seek an extension of the stay, Plaintiff asks that any extension exclude Counts I and II.

## IX. CONFERRAL

Pursuant to S.D. Ohio Civ. R. 7.3(b), Plaintiff conferred with counsel for Defendants by electronic mail on September 16, 2026, providing a copy of this motion and asking Defendants to state by September 18, 2026, whether they oppose the motion and expedited briefing. As of the date of filing, Defendants have not responded to that email. Counsel for Defendants later

spoke with Plaintiff by telephone on an unrelated matter and did not state Defendants' position on this motion.

**X. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. To the extent the July 27, 2026, stay remains in effect when the Court rules, lift it as to Counts I and II only, leaving it in force as to Counts III through X;

2. Order that, on or before a date certain set by the Court and not later than twenty-one days after entry of the order, Defendant Department of the Army, acting through the Army Review Boards Agency, shall as to each of the five categories of Plaintiff's July 5, 2025, request: (a) produce all responsive non-exempt records and all reasonably segregable portions of partially exempt records; (b) serve a document-by-document Vaughn index, or an equally detailed declaration, identifying each record withheld in whole or in part by date, author, recipient, description, the specific exemption or statutory provision relied upon, and the particularized foreseeable harm asserted; (c) identify every referral and consultation, the receiving component, and the date; and (d) serve a declaration under 28 U.S.C. § 1746 from an official with personal knowledge identifying the offices, repositories, and electronic systems searched, stating whether the case file retired to the National Personnel Records Center was searched or retrieved, describing the search methods, and stating the result for each category;

3. Order that the index and declaration address Plaintiff's Privacy Act access claim separately, identifying for each withheld record the Privacy Act provision or exemption rule relied upon, if any;

4. Permit production on a rolling basis before the date certain;

5. Order that any extension of the stay exclude Counts I and II;

6. Set the expedited briefing schedule requested in Part VIII; and

7. Grant such further relief as the Court deems just.

Respectfully submitted,

MICHAEL Vaughan

s/ Michael Dean Vaughan

Michael Dean Vaughan
Plaintiff, pro se
500 Leo Drive
Hamilton, Ohio 45013
Telephone: 859-743-1355
Email: warhacker6@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify counsel of record, including Linda Mindrutiu, Assistant United States Attorney, counsel for Defendants.

MICHAEL Vaughan

s/ Michael Dean Vaughan

Michael Dean Vaughan
Plaintiff, pro se